IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| SEPRACOR, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | Western Division |
| v. | ) | No. 5:08-CV-362-H(3) |
| | ) | |
| BARR PHARMACEUTICALS, INC., *et al.* | ) | |
|     Defendants. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| SEPRACOR, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | Eastern Division |
| v. | ) | No. 4:08-CV-89-H(3) |
| | ) | |
| SANDOZ, INC., | ) | |
|     Defendant. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| SEPRACOR, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | Western Division |
| v. | ) | No. 5:08-CV-247-H(3) |
| | ) | |
| SUN PHARMACEUTICAL INDUSTRIES, LTD., | ) | |
|     Defendants. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| SEPRACOR, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | Western Division |
| v. | ) | No. 5:08-CV-179-H(3) |
| | ) | |
| SYNTHON PHARMACEUTICALS, INC., *et al.*, | ) | |
|     Defendants. | ) | |
| ──────────────────────── | | |

## **ORDER**

This Cause comes before the Court upon Plaintiffs' "Renewed Motion to Compel Discovery Concerning Sandoz's Section VIII Amendment" [DE-230], to which Sandoz responded [DE-240]. After the motion was referred, the undersigned held a hearing on the matter on November 4, 2010. [DE-286]. Plaintiffs and Sepracor thereafter submitted additional information addressing issues raised during the hearing. [DE-282, 283, 284]. Accordingly, the matter is now ripe for adjudication. For the reasons set forth herein, Plaintiffs' motion is granted in part and denied in part.

**Background**

On August 9, 2010, the Court entered an order granting in part Plaintiffs' motion to reopen discovery regarding Sandoz's section viii amendment. [DE-227]. Specifically, the Court ordered Sandoz to "respond to inquiries regarding its proposed label" and "respond to inquiries regarding its forecasts of prescriptions for the patented method." [*Id.* at pp.9-10]. The Court excluded from discovery "inquiries regarding [the] manner and timing of the filing of the section viii statement," and "inquiries regarding [Sandoz's] sales forecasts and marketing plans." [*Id.* at 10]. The Court ordered the discovery period to remain open until September 3, 2010. [*Id.*].

Plaintiffs filed the present motion on September 1, 2010, arguing that Sandoz has failed to comply with its requests for discovery and has thereby failed to comply with the August 9th order. At issue are six document requests (Plaintiffs' Second Set of Requests Nos. 42-47, DE-231, Exhibit 2), two interrogatories (Plaintiffs' Third Set of Interrogatories No. 10-11, DE-231, Exhibit 3), and a 30(b)(6) notice (Third Notice of Rule 30(b)(6) Deposition of Sandoz, Inc., DE-231, Exhibit 4). Plaintiffs complain Sandoz has been unresponsive to these requests and therefore ask the Court to enter an order (1) compelling Sandoz to comply with its discovery

2

requests; (2) extending the September 3rd deadline to conduct supplemental discovery; and (3) precluding Sandoz from filing a motion to dismiss premised on its section viii amendment until it provides the requested discovery.

**Discussion**

**Interrogatories and documents**

Plaintiffs contend Sandoz has failed to properly respond to its requests for discovery regarding the section viii amendment. Sandoz maintains it has responded to the interrogatories and has produced, and will continue to search for, "responsive documents and produce documents on a rolling basis until the production is complete." [DE-240, p.5]. Plaintiffs acknowledge that documents have been produced but complain that the documents have been extensively redacted for reasons unclear to Plaintiffs. Sandoz asserts the documents have been redacted on the grounds of relevance and privilege. Sandoz conceded at the hearing, however, that it has not produced a privilege log and offered no grounds to excuse its failure to do so.[1] At the hearing, the Court ordered Sandoz to produce the unredacted documents in question for *in camera* review and further ordered Sandoz to submit an explanation of its understanding of, and compliance with, the August 9th order. Sandoz interprets the August 9th directive that it respond to "inquiries regarding forecasts for prescriptions for the patented method" as "limited to forecasts for prescriptions for the patented method (allergic rhinitis) and not for the drug product (levocetirizine) or other types of forecasts (such as sales forecasts and marketing plans)." [DE-283, p.2]. Sandoz's interpretation of the August 9th directive is overly narrow. The August 9th order's reference to "inquiries regarding forecasts for prescriptions for the patented method"

---

[1] When asked whether there was a reason the privilege log had not been produced, counsel for Sandoz replied, "No. It's sitting on my desk." [DE-286, p.17]. Sandoz assured the Court it would produce the privilege log by Friday, November 5, 2010; the undersigned assumes a privilege log has now been produced.

3

includes all documents and information related to forecasts for the number of prescriptions expected for the product covered by Sandoz's proposed amended labeling related to its Section viii filing for its levocetirizine ANDA, including but not limited to all unprivileged communications, internal or otherwise, concerning the proposed amended label and the associated indications.

Notwithstanding Sandoz's narrow reading of the August 9th order, having now reviewed the documents and supplemental information filed by Sandoz, the undersigned is satisfied with Sandoz's compliance with the order, except Production Number 015863. Sandoz improperly redacted Production Number 015863 as "sales and marketing information." In the explanation accompanying the documents submitted for the *in camera* review, Sandoz explained that it

> redacted the information at SANDOZ 015863 because it does not relate to the required category of production from the Court's August 9, 2010 Order "(b) forecast for prescriptions of the patented method." The text contains information relating to forecasts for the drug product. The Court's August 9, 2010 Order excludes production of "(f) sales forecasts and marketing plans." Hence, the information was redacted as "sales and marketing."

The redacted information concerns orders and delivery, not sales and marketing. Sandoz is therefore ordered to immediately produce to Plaintiffs an unredacted copy of Production Number 015863.

**30(b)(6) witness**

Sandoz has proposed a 30(b)(6) witness, Debbie Dufresne, who is Sandoz's Director of Project Management. [DE-284, p.2]. According to the supplemental filing submitted by Sandoz, Ms. Dufresne will be in Europe until November 19, 2010, and is therefore unavailable to attend a deposition until Tuesday, November 23rd. The undersigned is satisfied that Ms. Dufresne is

4

unavailable until November 23rd. The undersigned therefore grants Plaintiffs' motion to extend the time to conduct supplemental discovery and directs Plaintiffs to advise the Court by close of business November 23rd as to the date by which they anticipate supplemental discovery can and should be completed. The Court will thereafter enter an order informing the parties of the closing date for supplemental discovery. Until then, the discovery period shall remain open. Inasmuch as Plaintiffs' motion seeks to preclude Sandoz from filing a motion to dismiss, that request is denied as moot.

**Conclusion**

For the foregoing reasons, Plaintiffs' "Renewed Motion to Compel Discovery Concerning Sandoz's Section VIII Amendment" is **GRANTED IN PART** and **DENIED IN PART**. Specifically:

(1) Sandoz is ordered to comply with Plaintiffs' discovery requests for production of all documents and information related to forecasts for the number of prescriptions expected for the product covered by Sandoz's proposed amended labeling related to its Section viii filing for its levocetirizine ANDA, including but not limited to all unprivileged communications, internal or otherwise, concerning the proposed amended label and the associated indications;

(2) Sandoz is ordered to immediately produce to Plaintiffs an unredacted copy of Production Number 015863; and

(3) Plaintiffs are ordered to inform the Court by close of business November 23, 2010, as to the date by which discovery can be completed.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 18th day of November, 2010.

---

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE